**Vera DI PAOLA, Administratrix of the Estate of Paul Tepliker, Deceased**

v.

**LYKES BROS. STEAMSHIP CO., Inc.**

No. 2869.

United States District Court
E. D. Louisiana,
New Orleans Division.

Sept. 22, 1960.

Jack C. Benjamin, New Orleans, La., Freedman, Landy & Lorry, Philadelphia, Pa., Raymond H. Kierr, Samuel C. Gainsburgh, New Orleans, La., Proctors for libelant.

William E. Wright, of Terriberry, Rault, Carroll, Martinez & Yancey, New Orleans, La., for respondent.

CHRISTENBERRY, Chief Judge.

This cause having been heard at trial on the merits, evidence, pleadings and depositions submitted to the Court, and the Court having given the matter full

consideration, the following findings and conclusions are rendered:

### I.

Respondent, Lykes Bros. Steamship Co. Inc., is a corporation duly organized and existing under and by virtue of the laws of the State of Louisiana, and at all times pertinent hereto owned and operated the SS Thompson Lykes, an American-flag vessel.

### II.

The libellant, Mrs. Vera DiPaola, is the administratrix of the estate of Paul Tepliker, a seaman who was employed aboard respondent's SS Thompson Lykes as an ordinary seaman during the month of May, 1954 on a voyage from Lake Charles, Louisiana to Liverpool, England.

### III.

The libel alleges that the deceased, Paul Tepliker, on or about May 22, 1952, while the SS Thompson Lykes was at sea, was observed acting very suspiciously and was then mentally disturbed and in need of medical attention and care; that his actions indicated he was suffering from delusions, hallucinations, and other mental conditions and derangements which continued for a long period of time; and that, at about 12:00 noon, on May 22, 1954, it was discovered that he had fallen or had jumped overboard while the vessel was on the high seas, which, libellant alleges, resulted from carelessness and negligence on the part of respondent, its agents, servants and employees. It is contended that respondent, by its agents, servants and employees, failed to take proper precautions for the safety and care of the deceased and failed to confine him during a period of mental instability.

### IV.

The Court finds that the deceased did in fact disappear from aboard the SS Thompson Lykes at approximately the time claimed by libellant. However, prior to his disappearance the deceased did not perform conduct which established or even indicated that he was suffering from delusions, hallucinations, or any type of mental derangement. Furthermore, the Court specifically finds that at no time was the deceased in such condition as to require the ship's officers or the agents, servants and employees of respondent to take precautions for his safety or to confine or administer medical attention to him; and that respondent's vessel, the SS Thompson Lykes, was not unseaworthy.

### V.

Accordingly, the Court finds that the deceased disappeared from the SS Thompson Lykes under wholly unexplained circumstances and that his disappearance in no way resulted from negligence or carelessness on the part of respondent or under circumstances for which respondent or respondent's vessel can be held liable.

### Conclusions of Law.

### I.

The Court has jurisdiction of the action and venue is properly laid in this District.

### II.

The libellant has not met the required burden of proof and has not established that the deceased died as a result of negligence on the part of respondent, its agents, servants and employees, or as a result of unseaworthiness of respondent's vessel, the SS Thompson Lykes.

### III.

The deceased disappeared from aboard the SS Thompson Lykes under wholly unexplained circumstances and his disappearance in no way resulted from negligence on part of respondent, its agents, servants and employees, or on the part of respondent's vessel, its officers and crew, and the SS Thompson Lykes was not unseaworthy.

Let there be a final decree entered for respondent dismissing the libel.